BERNARD PEARL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52281. Promulgated April 20, 1933.

*Brice Clagett, Esq.*, for the petitioner.
*H. B. Hunt, Esq.*, for the respondent.

OPINION.

LANSDON: The primary contention of the petitioner is that the determination of liability under section 280 of the Revenue Act of 1926 was not timely made because the statute of limitations ran against any liability of the estate of Ben Pearl for unpaid taxes for the year 1918 not later than March 20, 1927. If this contention is sound the petitioner must prevail, since the notice of liability upon which the proceeding is based was not mailed until December 4, 1930, which is more than one year after the date at which it is alleged that the original taxpayer's liability was tolled by the statute of limitations.

In support of his position the petitioner argues that the unlimited waivers filed as set out in our findings of fact and received and approved by the Commissioner could not extend the time for determination, assessment and collection since they were not signed by any one having authority to act for the estate of Ben Pearl. He further argues that if such waivers were void as alleged, then the appeal taken at Docket No. 16433 and all the proceedings in relation thereto were negatory and without effect to stay the running of the statute of limitations as provided at section 274 (a) of the Revenue Act of 1926.

This identical question was submitted to the Board in the proceedings at Docket No. 16433, 18 B. T. A. 249, and we decided contrary to the contentions of the petitioner on the authority of *Estate of John F. Dodge*, 13 B. T. A. 201; Cf. *Philip C. K. Bartlett et al., Executors*, 16 B. T. A. 510. Since neither of these decisions has been overruled, modified or reversed by the Board or the courts, we are unable to agree with the petitioner that the proceedings at Docket No. 16433 should be regarded as a nullity.

The deficiency here involved was asserted against the original taxpayer on March 30, 1926, which was within the statutory period as extended by valid waivers. *Estate of Ben Pearl, supra.* On May 27, 1926, the appeal at Docket No. 16433 was filed and the running of the statute of limitations was thereby extended to the date on which the decision of the Board became final, which under section 1001 (a) of the Revenue Act of 1926 was six months after such decision on November 19, 1929, or May 19, 1930. This proceeding under section 280 was begun on December 4, 1930, which was well within one year after May 19, 1930, and so was in time under the provisions of section 274 (a) of the Revenue Act of 1926. It is stipulated that the petitioner here is the sole distributee of the original taxpayer's assets of a value in excess of the deficiency. He is liable for any unpaid Federal taxes against the estate of Ben Pearl for the year 1918. *Jere R. Downing*, 26 B. T. A. 1115.

*Decision will be entered for the respondent.*